# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 19-1357-DOC (JDEx)                    Date: July 24, 2019

Title: C AND H LLC, ET AL v. ALLEN, HAIGHT AND MONAGHAN LLP, ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER REMANDING ACTION TO SUPERIOR COURT, DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [18], AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE [19]

Before the Court is Defendants Allen, Haight & Monaghan LLP ("AHM") and Thomas Monaghan's ("Monaghan") (collectively "AHM & Monaghan") Motion to Dismiss Case ("MTD") (Dkt. 18) and Motion to Strike Portions of Plaintiff's Complaint ("MTS") (Dkt. 19). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court REMANDS the action the Superior Court of the State of California for the County of Orange, DENIES AS MOOT Defendants' Motion to Dismiss, and DENIES AS MOOT Defendants' Motion to Strike.

## I. Background

### A. Facts

The following allegations are taken from Plaintiffs C&H Family LLC ("C&H"), Integra Capital Group, Inc. doing business as Century Business Solutions ("Century"), Calvin Lim ("Lim"), and Helen Chu's ("Chu") Complaint ("Compl.") (Dkt. 1-1) against Defendants AHM, Monaghan, Jeffrey M. Verdon ("Verdon"), Jeffrey M. Verdon Law Group, LLP ("Verdon Law Group"), Lindzey M. Cain ("Cain"), Michael L. Meyer ("Meyer"), and Indiana Endowment Fund, Inc. Plaintiff Century is an S Corporation providing credit card processing services, and software for credit card processing. Compl. ¶ 2. Plaintiffs Lim and Chu (collectively "Individual Plaintiffs") are "shareholder[s], officer[s] and employee[s]" of Plaintiff Century. *Id.* ¶¶ 3–4.

In February 3, 2016, Plaintiffs Century, Lim, and Chu met with Defendant Jeffrey M. Verdon ("Verdon") to discuss "comprehensive business planning and legal services." *Id.* ¶ 18. Verdon recommended that Plaintiffs use Defendant Allen, Haight & Monaghan's services for tax planning and preparation. *Id.* The next day, Plaintiffs entered into an agreement to receive legal and business services from Defendant Verdon Law Group, paying an initial retainer of $25,000. *Id.* ¶ 19. On February 19, 2016, Plaintiffs took Verdon's advice, and signed an agreement with Defendant AHM for both Verdon and AHM to conduct a review of Plaintiffs' tax and accounting records. *Id.* ¶ 21.

In December 2016, Defendants Verdon, Lindzey M. Cain ("Cain"), and Thomas Monaghan ("Monaghan") met to discuss year-end tax and business planning. *Id.* ¶ 22. Verdon, Cain, and Monaghan recommended that Plaintiffs use the tax services of Defendant Michael L. Meyer ("Meyer"). *Id.* A few days later, Meyer gave a presentation regarding his charitable tax plan ("Meyer Tax Plan" or "Tax Plan"). *Id.* ¶ 23. Meyer, Verdon, and Monaghan assured Plaintiffs that Meyer's plan was consistent with tax regulations and Generally Accepted Accounting Principles. *Id.*

Plaintiffs agreed to Meyer's plan. *Id.* ¶ 25. Pursuant to the plan, Plaintiffs transferred five promissory notes to an Indiana LLC which Meyer had previously created. *Id.* The notes were read and approved by Defendant Monaghan. *Id.* Meyer renamed the LLC to C&H Family LLC, adding Plaintiffs Lim and Chu as members. *Id.* ¶¶ 24, 27. Meyer then caused Plaintiffs to donate an interest in C&H to the Indiana Endowment Fund ("IEF"), a Donor-Advised Fund which he controlled. *Id.* ¶¶ 24, 27. Finally, Meyer issued Plaintiffs a Form 8283, which allowed Plaintiffs to deduct the non-cash contribution of their LLC interest from their taxes. *Id.* ¶ 24. The value of the contribution was appraised by IEF. *Id.*

On May 25, 2018, C&H received a third-party subpoena from the Tax Division of the Department of Justice. *Id.* ¶ 29. Through this subpoena, Plaintiffs learned that Meyer was the defendant in a civil case against Meyer filed by the federal government. *Id.* Plaintiffs learned that Meyer had been engaged in a tax evasion scheme. *Id.* ¶ 27. Pursuant to this scheme, Meyer would create an LLC, and then advise participants to transfer assets to the LLC. *Id.* Meyer would then cause scheme participants to transfer an interest in the LLC to a sham 501(c)(3) non-profit organization. *Id.* Meyer falsely "appraised" the transferred interests in a manner inconsistent with their legally ascertainable value. *Id.* Finally, Meyer would issue scheme participants a Form 8283, allowing them to deduct the appraised value of the transferred interest from their taxes. *Id.* Plaintiffs state they had no way of knowing that Meyer's plan was illegal before learning about the federal case against him. *Id.* ¶ 30.

Plaintiffs allege that Meyer recruited participants in the scheme through the use of Certified Public Accounts like Defendant Monaghan, and local attorneys like Defendant Verdon, who vouch for the legitimacy of the Meyer Tax Plan. *Id.* Accordingly, Plaintiffs brought the instant suit against Defendants for breach of contract, professional malpractice, negligent misrepresentation, breach of fiduciary duty, constructive fraud, and unfair competition. *Id.* ¶¶ 31–83.

### B.     Procedural History

Plaintiff filed the Complaint in the instant action before the Superior Court of the State of California, County of Orange on May 24, 2019. Compl. at 1. On July 11, 2019, Defendant Meyer removed the case to this Court, arguing that the Court has federal question jurisdiction under 28 U.S.C. § 1331. Notice of Removal (Dkt. 1) at 5–9.

On July 18, 2019, Defendants Monaghan and AHM filed a Motion to Dismiss Case ("MTD") (Dkt. 18), as well as a Motion to Strike Portions of Plaintiff's Complaint ("MTS") (Dkt. 19).

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed … to the district court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441. A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

In order for a federal court to exercise federal question jurisdiction, the federal question must appear on the face of the complaint. This is known as the well-pleaded complaint rule. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 9 (1983). Under this rule, neither plaintiff nor defendant can invoke federal jurisdiction based on federal defenses or federal counterclaims. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). A plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### III.    Discussion

Defendant Meyer argues that this Court has jurisdiction over the case because it presents a federal question. *See* Notice of Removal, 5–9. In the Notice of Removal, Meyer notes that Plaintiffs' claims implicate provisions of the Internal Revenue Code, including 26 U.S.C. § 501(c)(3), as well as U.S. Treasury regulations governing tangible property. *Id.* at 5. For example, Meyer points to several allegations that Defendant's tax scheme violated the Internal Revenue Code. *Id.* at 6–9. Additionally, Meter argues that a federal question is presented by the Complaint's incorporation of a federal complaint against Meyer, in which the federal government alleged that Defendant Meyer violated federal law. *Id.* at 7–8.

In general, a claim arises under federal law "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Accordingly, there is normally no federal question jurisdiction when a plaintiff pleads only state-law claims unless the "right to relief under state law requires resolution of a substantial question of federal law." *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (quoting *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 13). State-law claims involve a substantial federal question only in a "special and small category" of cases. *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). Accordingly, a state-law claim will only give rise to a federal question if the federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Here, turning to the first requirement that a federal issue be necessarily raised, most provisions of federal law mentioned in the Notice of Removal are only tangentially

relevant to Plaintiff's causes of action. For example, Defendant alleges that "questions are raised" regarding 26 U.S.C. § 831(b), "Subchapter S corporations under 26 U.S.C. § 1361," and various treasury regulations. Notice of Removal at 7. However, Defendant never explains what these "questions" are, or how they comprise an element of Plaintiff's state law claims. *See id.* Although the Complaint mentions provisions of federal law, a mere "glancing reference to federal law is insufficient to confer federal jurisdiction over. . . state law claims." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012).

      At most, Meyer may have met the requirement that questions of interpretation regarding 26 U.S.C. § 501(c)(3) are "necessarily raised," *see Gunn*, 568 U.S. at 258, as Plaintiffs base several claims on the allegation that Meyer's Tax Plan violated the Internal Revenue Code. *See, e.g.*, Compl. ¶¶ 34, 39, 44, 80. Still, a federal issue is not "actually dispute, *see Gunn*, 568 U.S. at 258, because even if the resolution of Plaintiffs' claims requires an interpretation of § 501(c)(3), this interpretative question does not appear to be in dispute. Defendant Meyer does not contend that the Tax Plan, as described in the Complaint, was compatible with federal law. *See* Notice of Removal at 7–9. Nor do Defendants Monaghan and AHM seek to dismiss on the basis that the Tax Plan was consistent with federal law, instead attacking Plaintiffs' allegations as insufficient to show that they suffered harm in reliance on the moving Defendants' representations. MTD at 17–26. The relevant questions of federal law are therefore undisputed. By contrast, the Supreme Court has generally only found federal jurisdiction arising from state law causes of action when the federal question was the "central point of dispute" between the parties. *Gunn*, 568 U.S. at 259.

      Additionally, the relevant federal questions are not "substantial." *Gunn*, 568 U.S. at 258. The substantiality of a federal question is not judged relative to Plaintiffs' claims. *Id.* at 260. Instead, the relevant inquiry is "the importance of the issue to the federal system as a whole." *Id.* The Supreme Court has found federal issues to be substantial when, for instance, a state law claim depended on the unconstitutionality of a federal law. *See Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921) (finding federal jurisdiction where plaintiff's state law claim requested that the court find the Farm Loan Acts unconstitutional). The Supreme Court has also found a substantial federal question when a state law quiet title action was resolved entirely on the interpretation of federal tax law. *See Grable & Sons Metal Prods v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). By contrast, state law tort claims, in which a defendant's violation of federal law is alleged to have caused the tort, do not generally give rise to a federal question. *See id.* at 318–19; *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986) (finding no federal question when the plaintiff's negligence claim was based on the defendant's violation of the FDCA).

Here, Plaintiffs claims are not important "to the federal system as a whole." *Gunn*, 568 U.S. at 260. Instead, the only relevant question is whether Defendant Meyer's particular tax scheme—the Tax Plan referenced herein—violated federal law. There is therefore no reason to believe the resolution of the present case would result in an interpretation of tax law that "would be controlling in numerous other cases." *Empire HealthChoice Assur., Inc.*, 547 U.S. at 700. And to the extent that the federal questions raised by Meyer's tax plan have any broader importance, the government will have the opportunity to litigate those questions in federal court in its own suit against Defendant Meyer. *See* First Amended Complaint in *United States v. Meyer*, No. CV 18-60704 (Dkt. 1-9); *Gunn*, 568 U.S. at 261–62 (explaining that later opportunities to litigate a federal question in federal court reduces the substantiality of that question).

In sum, Plaintiffs' Complaint pleads only state law causes of action, and the federal questions implicated by the Complaint are neither substantial nor in dispute. The Court therefore lacks federal question jurisdiction over the case.[1] Accordingly, the Court REMANDS the action back to state court.

## IV. Disposition

For the reasons stated above, the Court DENIES AS MOOT the Motion to Dismiss, DENIES AS MOOT the Motion to Strike, and REMANDS the action to the Superior Court of the State of California for the County of Orange.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                 Initials of Deputy Clerk: djl

---

[1] Additionally, because the Complaint names both a California Plaintiff and a California Defendant, the parties do not have the complete diversity necessary to confer diversity jurisdiction under 28 U.S.C. § 1332. *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).